IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:19-CR-3051 |
| vs. | MEMORANDUM AND ORDER |
| O'NEILL VENTURES, INC., | |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 36) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

The Court notes that at the change of plea hearing (filing 41), the Magistrate Judge did not inform the defendant of the Court's obligation, in determining a sentence, to calculate the applicable guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). *See* Fed. R. Crim. P. 11(b)(1)(M). However, the Court finds that the omission was harmless, because it did not affect the defendant's substantial rights. *See* Rule 11(h). While the defendant was not informed in open court about the Court's obligation to consider the federal sentencing guidelines and other important and relevant factors in crafting a sentence, it was expressly noted in the petition to enter a plea. Filing 33 at 6. And the defendant testified under oath, through its representative, that it read the petition before signing it. Filing 41 at 4-5.

The Court also notes that the defendant was not explicitly advised in court that the trial to which it was entitled was a trial by jury. *See* Filing 41 at 6-7. But again, that right was made quite clear in the petition to enter a plea, which the defendant read before signing. *See* Filing 33 at 2; filing 41 at 4-5.

Having reviewed the record, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See*, *United States v. Gillen,* 449 F.3d 898, 903-04 (8th Cir. 2006); *United States v. McCarthy,* 97 F.3d 1562, 1574-76 (8th Cir. 1996); *United States v. Young,* 927 F.2d 1060, 1061-63 (8th Cir. 1991). The defendant's decision to plead guilty could not have been affected by the Magistrate Judge's failure to tell the defendant what it already knew. *Young,* 927 F.2d at 1063. The Court also notes that neither party has objected to the findings and recommendation, meaning that any objection has been waived. *See Peretz v. United States*, 501 U.S. 923, 936-39 (1991).

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 36) are adopted.

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea.

3. The Court defers acceptance of any plea agreement until the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(3). Unless otherwise stated at the time of sentencing, any plea

agreement will be deemed accepted upon the pronouncement of the judgment and sentence.

4. This case shall proceed to sentencing.

Dated this 18th day of March, 2020.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge